**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 8, 2025

Stephen E. Jenkins
Samuel M. Gross
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

Thomas A. Uebler
Sarah P. Kaboly
MCCOLLOM D'EMILIO SMITH
UEBLER LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

> Re: *ZAGG, Inc. v. Keogh, et al.*,
> C.A. No. 2023-1275-KSJM

Dear Counsel:

This letter decision resolves Plaintiff ZAGG, Inc.'s motion to strike Defendant Dermot Keogh's counterclaims.[1]

ZAGG filed this action against Keogh and his then-employer myCharge on December 20, 2023.[2] In response, myCharge fired Keogh, ZAGG dismissed myCharge from this suit,[3] and this litigation stalled. After the restrictive covenants expired, Keogh accepted employment with another ZAGG competitor, PanzerGlass. ZAGG then started to press the lawsuit and threatened PanzerGlass, arguing that Keogh's restrictive covenants were tolled during this litigation. PanzerGlass then fired Keogh, who sought a prompt trial on the merits.[4]

---

[1] C.A. No. 2023-1275-KSJM, Docket ("Dkt.") 78 ("Pl.'s Opening Br.").

[2] Dkt. 1.

[3] Dkt. 13; Dkt. 104 ("Post-Trial Opinion") at 1, 9.

[4] Post-Trial Opinion at 1, 10–13.

Following oral argument on January 3, 2025, the court granted ZAGG's motion to amend the complaint to incorporate allegations concerning PanzerGlass.[5] On January 13, 2025, ZAGG filed the second amended and supplemental verified complaint (the "Second Amended Complaint").[6] On January 15, 2025, the court granted Keogh leave to file counterclaims.[7] Later that day, Keogh answered the Second Amended Complaint and filed counterclaims, including a counterclaim for tortious interference.[8]

Trial took place on January 21, 2025.[9] The parties completed post-trial briefing on February 21, 2025, and the court issued a Post-Trial Memorandum Opinion on April 7, 2025, granting judgment in favor of Keogh on ZAGG's claims (the "Opinion").

ZAGG moved to strike Keogh's counterclaims before trial. Keogh opposed the motion but did not press the counterclaims at trial. At the conclusion of the Opinion, the court instructed the parties to submit their positions on Keogh's tortious interference counterclaim.[10] The parties submitted letters concerning the counterclaim on April 14, 2025.[11] The court then instructed ZAGG to file a reply brief

---

[5] Dkt. 75.

[6] Dkt. 67 ("Second Am. Compl.").

[7] Dkt. 91.

[8] Dkt. 73.

[9] Dkt. 87.

[10] Post-Trial Opinion at 31.

[11] Dkts. 106–107.

in further support of its motion to strike the counterclaims,[12] which ZAGG did on April 23, 2025.[13]

Under Rule 12(f), "[a] party may move to strike from a pleading any insufficient defense or any material that is redundant, scandalous, immaterial, or not pertinent."[14] Motions to strike are "not favored" and "granted sparingly [] only when clearly warranted with all doubt being resolved in the nonmoving party's favor."[15] The court must determine: (1) whether the challenged averments are relevant to an issue in the case and (2) whether they are unduly prejudicial.[16]

ZAGG concedes that Keogh's counterclaim is relevant, as it must. ZAGG amended its complaint to include allegations concerning Keogh's employment by PanzerGlass.[17] And ZAGG restarted this litigation after learning that PanzerGlass employed Keogh, demonstrating that Keogh's PanzerGlass employment (and any potential tortious interference with that employment by ZAGG) are relevant to the issues in this action.

---

[12] Dkt. 108.

[13] Dkt. 109.

[14] Ct. Ch. R. 12(f).

[15] *Salem Church (Del.) Assocs. v. New Castle Cty.*, 2004 WL 1087341, at *2 (Del. Ch. May 6, 2004).

[16] *Id.*

[17] Second Am. Compl. ¶¶ 49–50, 58–64, 133. That ZAGG purportedly seeks "[n]o relief and no claim" in connection with Keogh's PanzerGlass employment is irrelevant to the court's analysis. ZAGG is not seeking relief for this claim because PanzerGlass terminated Keogh, which directly implicates Keogh's counterclaim.

ZAGG argues in effect that allowing Keogh to press his counterclaims would prejudice ZAGG. According to ZAGG, Keogh's tortious interference counterclaim involves "distinct facts and legal issues" "that were never explored in document discovery[.]"[18] They were asserted "on the eve of trial[.]"[19] But Keogh filed his counterclaims two days after ZAGG filed the Second Amended Complaint, contending for the first time that Keogh's employment with PanzerGlass violated his restrictive covenants. So, it is hard to fault Keogh for the timing and attendant lack of discovery. ZAGG also argues that "litigating this belated counterclaim would force an avoidable 'do-over' of party discovery, as well as a new trial concerning substantially the same facts as the trial held in January[.]"[20] But there is no risk of a do-over because nothing on this issue has been done—Keogh has not taken discovery on nor litigated his counterclaims.[21]

ZAGG also attempts to brief the merits of Keogh's counterclaim as a reason to grant the motion.[22] But "[m]otions to strike an insufficient defense or counterclaim under Rule 12(f) focus on the form of the pleading and not its substance."[23] The court does not evaluate the merits of the counterclaim on a motion to strike.

---

[18] Pl.'s Opening Br. at 3.

[19] *Id.* at 2.

[20] Dkt. 109 (Pl.'s Reply Br.) at 1.

[21] Dkt. 92 (Trial Tr.) at 232.

[22] *See* Pl.'s Opening Br. at 5–9.

[23] *Nichols v. Chrysler Gp. LLC*, 2010 WL 5549048, at *5 (Del. Ch. Dec. 29, 2010) (collecting cases).

For the foregoing reasons, ZAGG's motion to strike is denied.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)